

# NUMBER 13-25-00625-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

MONICA TELLES
F/K/A MONICA LOPEZ,                                              Appellant,

v.

JOSE MANUEL LOPEZ,                                              Appellee.

---

## ON APPEAL FROM THE 138TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

This matter is before the Court on appellant's response to clerk's notice of jurisdictional defect and motion to retain appeal. On October 21, 2025, appellant Monica

Telese attempted to appeal the trial court's "Judgment" in trial court cause no. 2023-DCL-03072.[1] Upon review of the documents before the Court, it appears the order from which this appeal was taken was not a final, or otherwise, appealable order.

The judgment at issue, while containing the term "final hearing," does not resolve all claims and parties. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Appellant's original petition appears to seek declaratory judgment, stay of execution of judgment, temporary restraining order, and attorney fees. There is neither a judgment nor order which addresses the claim for attorney's fees.

Furthermore, on December 4, 2025, the Clerk of the Court notified appellant of this defect and that if the defect was not corrected within ten days, this appeal would be dismissed. *See* TEX. R. APP. P. 42.3. Appellant's notice and motion in no way cures the jurisdictional defect.

Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007); *Lehmann*, 39 S.W.3d at 195. The Court, having considered the record before us and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Accordingly,

---

[1] On December 11, 2025, appellant filed a notice indicating appellant's "true and correct legal name is MONICA TELESE." However, we have retained the original cause style as inherited from the trial court, in order to eliminate confusion for the trial court and other parties.

2

appellant's motion to retain the appeal is denied and the appeal is dismissed for want of jurisdiction. *See id*. Finally, the Court denies as moot any other pending motion.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
8th day of January, 2026.